IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MICHAEL WAYNE BOHANNAN, | § § | |
| Petitioner, | § § | |
| v. | § § | No. 4:09-CV-662-A |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael Wayne Bohannan, a state prisoner currently incarcerated in the Tarrant County jail in Fort Worth, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time barred, in part, procedurally barred, in part, and unexhausted, in part.

### I. PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that petitioner is serving two 25-year

sentences for his 1983 convictions in the Criminal District Court Number One of Tarrant County, Texas, for aggravated rape with a deadly weapon. Pet. at 2. While serving his sentences, petitioner was released by the Texas Board of Pardons and Paroles (the Board) to mandatory supervision on December 9, 1991, May 6, 1998, May 3, 2002, August 27, 2004, and most recently on January 26, 2009. He was released on a "Super Intensive Supervision Program" ("SISP"), which includes, among other conditions, home detention and electronic monitoring, on one or more of those occasions. In each instance, except for the latter, petitioner's mandatory supervision was revoked. Petitioner remains incarcerated pending new criminal charges and revocation of his mandatory supervision.

Petitioner has filed numerous state applications for habeas relief, five of which are relevant to this action, see *Ex parte Bohannan*, State Habeas Appl. Nos. WR-25,282-14 through WR-25,282-18, and three previous federal petitions for such relief in this court,[1] see *Bohannan v. Dretke*, No. 4:05-CV-344-A; *Bohannan v. Scott*, No. 4:94-CV-684-A; *Bohannan v. Johnson*, No. 4:96-CV-326-A.

---

[1]The court takes judicial notice of the records filed in this habeas action as well as petitioner's prior federal habeas actions, as it is entitled to do.

2

In this petition, filed on November 5, 2009, petitioner raises issues regarding his release to mandatory supervision on August 27, 2004, the subsequent September 29, 2006, revocation proceedings, the denial of time credit while on SISP, the voluntariness of his 1983 guilty pleas, and the failure of TDCJ to conduct a timely revocation hearing. Respondent contends petitioner's claims are time-barred, procedurally defaulted, and/or unexhausted.

## II. Grounds

Petitioner's multifarious claims for relief are construed as follows:

(1) His September 29, 2006, revocation was determined through practices and procedures, in violation of his constitutional rights, state statutory law, and agency policies;

(2) He was denied time credit for the time he was "imprisoned" by TDCJ on SISP, in violation of his constitutional rights;

(3) Texas officials retroactively implemented or applied a law, rule, or policy, which did not exist at the time of the offenses, resulting in a longer period of incarceration, in violation of his constitutional rights;

(4) He was denied the right to provide input and other evidence in his favor concerning possible employment and housing in TDCJ's December 5, 2003, and later, determinations of supervision levels and conditions of his release, in violation of his constitutional rights;

(5) He should be allowed to withdraw his guilty pleas because the state has failed to comply with the plea bargain agreement by releasing him on mandatory supervision,

3

  against his wishes, rather than allowing him to serve his sentences in TDCJ confinement;

(6)  His November 14, 1983, convictions were obtained by pleas of guilty that were not made knowingly and voluntarily due to an undiagnosed congenital or acquired behavioral abnormality; and

(7)  He is being denied a timely preliminary revocation hearing in violation of his constitutional rights. (Petition at 11-82)

### III. Rule 5 Statement

Thaler asserts petitioner's claims are either time-barred, procedurally defaulted, or unexhausted.

### IV. Statute of Limitations

Petitioner's claims (1) through (4) involve alleged constitutional, statutory, and agency-policy violations related to his 2004 release to mandatory supervision, the 2006 revocation proceedings, and the denial of time credit while on SISP. Respondent contends those claims are time-barred.

Title 28, United States Code, section 2244(d), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. It provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct

4

>     review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under part (D), which is the only part potentially applicable to this case, at the latest, petitioner should have been aware of the factual predicate of claims (1)-(4) when his mandatory supervision was revoked on September 29, 2006.[1] See Heiser v.

---

[1] Petitioner argues the claims arise "out of a revocation which was final on January 29, 2007," the date he received notice of the Board's January 23, 2007, denial of his motion to reopen the revocation hearing. Thus, according to petitioner, the limitations

5

*Johnson*, 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir. 2001). Thus, a petition raising the claims was due on or before October 1, 2007, absent any applicable tolling.[2] On September 21, 2007, with only ten days remaining in the one-year statutory period, petitioner filed two state habeas applications raising claims one through four. *Ex parte Bohannan*, State Habeas Appl. Nos. WR-25,282-14 & WR-25,282-15. Both applications were denied by the Texas Court of Criminal Appeals on the findings of the trial court on July 8, 2009, yet petitioner did not file his federal petition until November 5, 2009, well beyond the time remaining in the one-year limitations period.

Absent sufficiently rare and exceptional circumstances that made it impossible for petitioner to file a timely petition, such showing not having been demonstrated nor apparent from the state court records, petitioner is not entitled to additional tolling as a matter of equity. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

---

period started on January 29, 2007. Pet. at 16 & Ex. A-45; Pet'r Reply at 4-5. The Fifth Circuit has rejected this argument but has not yet decided what effect a properly filed request to reopen a parole revocation hearing may have under § 2244(d)(2). *See Heiser*, 2001 WL 803542, at *3 & n.8. Nevertheless, even if the limitations period were tolled during the pendency of the motion to reopen, 102 days, the result would be the same.

[2]September 29 and September 30, 2007, were a Saturday and Sunday.

Cir. 1998). Accordingly, petitioner's petition was due on or before October 1, 2007, as to claims one through four, and his petition filed on November 5, 2009, is untimely.

## V. Procedural Default

Petitioner asserts in his claim (5) that he should be allowed to withdraw his guilty pleas because the state has failed to comply with the plea bargain agreements by releasing him on mandatory supervision, against his wishes, rather than allowing him to serve his sentences in TDCJ confinement. He contends in his claim (6) that his 1983 convictions were obtained by pleas of guilty that were not made knowingly and voluntarily due to an undiagnosed congenital or acquired behavioral abnormality. Respondent contends that claims (5) and (6) are procedurally defaulted because the Texas Court of Criminal Appeals dismissed petitioner's successive habeas applications, in which he raised those claims, as an abuse of the writ under article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure. *Ex parte Bohannan*, State Habeas Appl. Nos. WR-25,282-16 & WR-25,282-17, at cover.[3]

---

[3] Claim (6) was raised by petitioner in supplemental pleadings to the original applications. 16State Habeas R. at 83; 17State Habeas R. at 82.

7

The state court's dismissal under the abuse of the writ doctrine is an independent and adequate state ground for denial that procedurally bars the claim from federal habeas review. *See Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008). Accordingly, claims (5) and (6) are procedurally barred from the court's review.

## VI. Exhaustion

Petitioner asserts in claim (7) he is being denied a timely preliminary revocation hearing in violation of his constitutional rights. Respondent contends this issue is unexhausted, as required by § 2254(b)(1)(A), because the state habeas application, in which the claim was raised, remains pending in the state courts.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.

8

2009); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). The record substantiates Thaler's assertion that petitioner has not exhausted his state court remedies with respect to this claim. As confirmed on this date, petitioner's state habeas proceeding remains pending. Consequently, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of the claim, and the claim is unexhausted for purposes of federal habeas review.

Where a petitioner fails to exhaust his claims in state court, a federal court has the discretion to either stay and abate or dismiss the action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Petitioner has not demonstrated circumstances warranting a stay.

Therefore, petitioner must first pursue his state habeas corpus remedies, and any applicable mandatory administrative

9

remedies, through completion before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus as to this claim. Accordingly, dismissal of the claim for lack of exhaustion is warranted.[4]

### VII. Order

For the reasons discussed above,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as time-barred as to claims (1) through (4), dismissed with prejudice as procedurally barred as to claims (5) and (6), and dismissed without prejudice as to claim (7) for failure to exhaust.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

---

[4]Petitioner's petition, reply and rebuttal briefs are repetitious and excessively long. Petitioner expanded the form "Petition for a Writ of Habeas Corpus by a Person In State Custody," sanctioned under November 18, 1999 Miscellaneous Order No. 13, in excess of seventy hand-written pages, his rebuttal brief is forty pages in length, and his reply brief exceeds sixty pages in length. Local Civil Rule 7.2(c) requires that a brief must not exceed 25 pages (excluding table of contents and table of authorities). N.D. TEX. L. CIV. R. 7.2(c). If petitioner returns to this court in the future, he is cautioned that such pleadings may be struck for noncompliance with the local rules.

in the United States District Court, and 28 U.S.C. § 2253, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April 23, 2010.

_____
JOHN McBRYDE
United States District Judge