U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 2 0 2012

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL WAYNE BOHANNAN,        §
                               §
              Petitioner,      §
                               §
v.                             §        No. 4:09-CV-662-A
                               §
RICK THALER, Director,         §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
              Respondent.      §

## OPINION ON REMAND
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael Wayne Bohannan, a state mandatory supervision releasee, against Rick Thaler, Director of the Texas Department of Criminal Justice (TDCJ), respondent.

This court set out the procedural history of this case in its April 23, 2010, Memorandum Opinion and Order as follows:

> The state court records and documentary evidence presented by the parties reflect that petitioner is serving two 25-year sentences for his 1983 convictions for aggravated rape with a deadly weapon in the Criminal District Court Number One of Tarrant County, Texas. (Petition at 2) While serving his sentences, petitioner has been released by the Texas Board of Pardons and Paroles (the Board) to mandatory supervision on December 9, 1991, May 6, 1998, May 3,

2002, August 27, 2004, and most recently on January 26, 2009.  He was released on a "Super Intensive Supervision Program" (SISP), which includes, among other conditions, home detention and electronic monitoring, on one or more of those occasions.  In each instance, except for the latter, petitioner's mandatory supervision was revoked.  Petitioner remains incarcerated pending new criminal charges and revocation of his mandatory supervision.

Petitioner has filed numerous state applications for habeas relief, five of which are relevant to this action, and three previous federal petitions for such relief in this court.  *Ex parte Bohannan*, State Habeas Appl. Nos. WR-25,282-14 through WR-25,282-18.  *See also Bohannan v. Dretke*, No. 4:05-CV-344-A; *Bohannan v. Scott*, No. 4:94-CV-684-A; *Bohannan v. Johnson*, No. 4:96-CV-326-A.

In this petition, filed on November 5, 2009, petitioner raises issues regarding his release to mandatory supervision on August 27, 2004, the subsequent September 29, 2006, revocation proceedings, the denial of time credit while on SISP, the voluntariness of his 1983 guilty pleas, and the failure of TDCJ to conduct a timely revocation hearing. Respondent contends petitioner's claims are time-barred, procedurally defaulted, and/or unexhausted. (footnote omitted)

This court construed petitioner's claims as follows:

(1)   His September 29, 2006, revocation was determined through practices and procedures, in violation of his constitutional rights, state statutory law, and agency policies;

(2)   He was denied time credit for the time he was "imprisoned" by TDCJ on SISP, in violation of his constitutional rights;

(3)   Texas officials retroactively implemented or applied a law, rule, or policy, which did not exist at the time

2

of the offenses, resulting in a longer period of incarceration, in violation of his constitutional rights;

(4)     He was denied the right to provide input and other evidence in his favor concerning possible employment and housing in TDCJ's December 5, 2003, and later, determinations of supervision levels and conditions of his release, in violation of his constitutional rights;

(5)     He should be allowed to withdraw his guilty pleas because the state has failed to comply with the plea bargain agreement by releasing him on mandatory supervision, against his wishes, rather than allowing him to serve his sentences in TDCJ confinement;

(6)     His November 14, 1983, convictions were obtained by pleas of guilty that were not made knowingly and voluntarily due to an undiagnosed congenital or acquired behavioral abnormality; and

(7)     He is being denied a timely preliminary revocation hearing in violation of his constitutional rights. (Petition at 11-82)

This court dismissed the petition with prejudice as time-barred as to claims one through four, with prejudice as procedurally barred as to claims five and six, and without prejudice as to claim seven for failure to exhaust. (docket nos. 22-23)

Petitioner filed a notice of appeal on May 25, 2010, and the Fifth Circuit Court of Appeals denied a certificate of appealability on January 10, 2011. (docket no. 40) *Bohannan v. Thaler,* No. 10-10550 (5th Cir. Jan. 10, 2011). Petitioner filed

a petition for writ of certiorari with the Supreme Court, and on January 9, 2012, the case was remanded to the Fifth Circuit for reconsideration in light of the Supreme Court's decision in *Wall v. Kholi*, — U.S. —, 131 S. Ct. 1278 (2011). *Bohannan v. Thaler,* No. 11-5411 (2012). On June 28, 2012, the Fifth Circuit remanded the case to this court for reconsideration in light of *Wall*. *Bohannan v. Thaler,* No. 10-0550, 2012 WL 2505227 (5th Cir. June 28, 2012). *Wall* was raised by petitioner in his petition for writ of certiorari only in the limited context of his first four claims. Thus, this opinion on remand is limited to reconsideration of those claims.

Petitioner remains on mandatory supervision, with a projected release date of July 9, 2012.[1] It is not clear from the record whether he remains on SISP.

## II.  *Wall v. Kholi*

Petitioner's first through fourth claims generally involve alleged constitutional, statutory, and agency-policy violations related to the 2006 revocation proceedings (claims one and four) and the denial of time credit while he was "imprisoned" on SISP (claims two and three). As noted, this court previously

_____

[1]This information was confirmed *via* telephonic communication with TDCJ on this date.

4

determined the claims were untimely under 28 U.S.C. § 2244(d),

which imposes a one-year statute of limitations for filing a

petition for federal habeas corpus relief.   28 U.S.C. § 2244(d).

Section 2244(d) provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Applying subsection (D), this court determined, at the latest, petitioner should have been aware of the factual predicate of claims one through four when his mandatory supervision was revoked on September 29, 2006. *See Heiser v. Johnson*, 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir. 2001). Thus, a petition raising the claims was due on or before October 1, 2007, absent any applicable tolling.[2]

In *Wall*, the Supreme Court held that a postconviction motion to reduce sentence filed by a state prisoner in accordance with Rhode Island law qualified as a motion for "collateral review" under § 2244(d)(2) for purposes of tolling the limitations period, because the motion was outside the direct review process and required a judicial reexamination of the prisoner's sentence to determine whether it was appropriate. 131 S. Ct. at 1280.

Petitioner claimed in his petition for writ of certiorari that, with respect to timeliness of claims one through four, he is entitled to tolling under § 2244(d)(2), in accordance with *Wall*, 180 days during the pendency of TDCJ's time credit dispute resolution process and 44 days during the pendency of his appeal

---

[2]September 29 and September 30, 2007, were a Saturday and Sunday.

of the Board's decision to revoke.  *Wall* instructs that, first, a court must consider whether the proceeding is "collateral"–*i.e.*, not part of the direct review process.  Second, a court must ask whether the proceeding calls for "reexamination" of the issue at hand.  Thus, in this instance, the question is whether the administrative remedies are "collateral"–*i.e.*, not part of direct review of the TDCJ's time credit calculation and/or the Board's decision to revoke, and whether the administrative remedies call for reexamination of petitioner's claims.

### Time Credit Dispute Resolution

In his petition for writ of certiorari, petitioner claimed he "began the Texas time dispute resolution collateral review process on December 22, 2006, with that process continuing for well over 180 days, making him entitled to tolling for at least those first 180 days," if not the entire time.  *Bohannan*, 2011 WL 6971002, at *8-9.

Under § 501.0081, state prisoners are required to seek administrative review of their time-credit disputes by filing a time credit dispute resolution form before filing a state habeas application.  After filing a time dispute resolution form, prisoners are then prohibited from filing for state habeas relief

until they receive a written decision or until 180 days elapse, whichever comes first.  TEX. GOV'T CODE ANN. § 501.0081(b)(1)-(2) (Vernon 2012).  It is clear that Texas's time credit dispute resolution process is not part of direct appeal and requires a "reexamination" of TDCJ's time calculation of petitioner's sentence.

This court has previously held the opinion that the limitations period is tolled during the pendency of the prison's mandatory time credit dispute resolution process under § 2244(d)(2), provided the administrative remedy is pursued before expiration of the limitations period.  *See Lanier v. Thaler*, No. 4:10-CV-045-A, 2010 WL 1558621, at *2 (N.D.Tex. Apr. 19, 2010); *Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162, at *2, 5 (N.D.Tex. Oct. 11, 2006).  This result is supported by *Wall*. Thus, according to this court's calculation, petitioner's petition due on or before October 1, 2007, was tolled 180 days in addition to 656 days during the pendency of his relevant state habeas applications, making his petition due as to claims two and three on or before January 14, 2010.[3] (14State Habeas R. at

---

[3]The court would allow tolling for the entire time the dispute resolution process was pending, but there is no indication in the record of the date the process was concluded.  Nevertheless, it would not change the result that the petition is timely as to

cover, 2; 15State Habeas R. at cover, 2[4])   Thus, this petition,

filed on November 5, 2009, is timely as to those claims.

### Motion to Reopen Revocation Hearing

In his petition for writ of certiorari, petitioner claimed

that he is entitled to 104 days during the pendency of his appeal

of the Board's revocation.[5]   Following revocation, a prisoner may

request the revocation hearing be reopened.   The "Hearing Report

Processing Sheet" in this case instructed petitioner as follows

regarding this matter:

> RELEASEE'S MOTION TO REOPEN HEARING
>
> According to Board of Pardons and Paroles Rule #
> 145.54, a Releasee's Request to Reopen a Hearing for
> the further development of factual or legal issues must
> be made forty-five days from the date that the Pardons
> and Paroles Division has determined to make final
> disposition of the case by revoking his/her
> administrative release.   Such a reopening shall be
> granted under the following circumstances and/or the
> following grounds only:
>
> 1)   That there is new, relevant, competent evidence

---

claims two and three.

[4]"14State Habeas R." and "15State Habeas R." refer to the state
record of petitioner's fourteenth and fifteenth state habeas
applications, respectively.

[5]Petitioner also claimed he is entitled to tolling during the
pendency of his sixteenth through eighteenth state habeas
applications.   Those applications, however, do not pertain to the
2006 revocation proceeding.   (Resp't Ans at 6)

which is of probative value on a material issue of
fact or law, not merely collateral nor cumulative,
which in the exercise of reasonable diligence, was
unavailable at the time of the hearing.

2)   That the findings of fact and/or conclusions of
     law are:

     a)   not supported by a preponderance of the
          credible evidence; or
     b)   are contrary to law.

3)   The procedures followed in the hearing, review
     and/or disposition of the case are violative of
     the law or rules of the Pardons and Paroles
     Division.

(Pet., Attach. A-43-44)

Petitioner argues the claims arise "out of a revocation
which was final on January 29, 2007," the date he received notice
of the Board's January 23, 2007, denial of his motion to reopen
the revocation hearing.  Thus, according to petitioner, the
limitations period started on January 29, 2007.  (Petitioner at
16 & Exhibit A-45; Pet'r Reply at 4-5)

As noted in this court's April 23, 2010, opinion, the Fifth
Circuit has not yet decided what effect a properly filed request
to reopen a parole revocation hearing may have under §
2244(d)(2).  *Heiser v. Johnson*, 263 F.3d 162, 2001 WL 803542, at
*3 n.8 (5th Cir. June 8, 2011).  However, petitioner's claims one
and four regarding the 2006 revocation proceeding, even if

10

considered timely, are now moot in light of his re-release to mandatory supervision on January 26, 2009. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Galindo v. Cockrell*, No. 4:00-CV-1802-Y, 2001 WL 1057982, at *3 n.5 (N.D.Tex. Aug. 31, 2001) ("Generally, a federal petition which involves an attack on revocation proceedings when a petitioner has been later re-released on parole or mandatory supervision would be rendered moot by the later release"). As such, it is not necessary for the court to decide whether petitioner is entitled to tolling under § 2244(d)(2) during the pendency of the prison's appeal process following revocation under *Wall*.

### V.   Time Credit While on SISP Release

Under petitioner's second and third claims, he asserts he was denied time credits for the time he was "imprisoned" by TDCJ on SISP, which required electronic monitoring and home confinement, among other conditions, and that TDCJ placed him on SISP under laws that were not in effect in 1982 when he committed the offenses, thus prolonging his sentences, in violation of the Due Process, Ex Post Facto, and Equal Protection Clauses of the United States Constitution. (Pet. at 53-68) Tex. Gov't Code Ann. § 508.317 (Vernon 2012) (entitled "Intensive Supervision Program; Super-Intensive Supervision Program," and effective Sept. 1,

1997).

### Legal Standard for Granting Habeas Corpus Relief

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Section 2254(e)(1) provides that a determination of a

factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas proceeding without written order, typically it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[6] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

### Discussion

Texas Government Code § 508.283 provides, in relevant part:

> (b)  If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. *The remaining portion is computed without credit for the time from the date of*

---

[6]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

*the person's release to the date of revocation.*

(c)   If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.   For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.   For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN § 508.283(b), (c) (Vernon 2012) (emphasis added).

The state habeas court found TDCJ has petitioner listed as eligible for release to mandatory supervision, and petitioner had presented no credible evidence or authority that SISP is not a form of release to mandatory supervision, that SISP is "'quantitatively different' than the punishment of other sex offenders," that SISP has "stigmatizing consequences," or that he was entitled to a hearing before he was placed on SISP supervision.   (14State Habeas R. at 420-21)   Based on its

14

findings, and relevant state law, the state court entered the
following legal conclusions of law on the issues:

45. The current statute makes Applicant ineligible for
release to mandatory supervision because
aggravated rape is the statute predecessor to
aggravated sexual assault and is listed as
ineligible.

46. The Board of Pardons and Paroles is correctly
listing Applicant []as mandatory supervision
eligible.

47. The law at the time of Applicant's conviction
allowed the parole board to: "Adopt such other
reasonable rules not inconsistent with law as it
may deem proper or necessary with respect to the
eligibility of prisoners for parole and mandatory
supervision hearings, or *conditions to be imposed
upon parolees and persons released to mandatory
supervision . . . ."*

48. Applicant has failed to prove that the parole
board, at the time of Applicant's conviction, did
not have the authority to place conditions on
Applicant that it felt necessary.

49. Applicant has failed to prove that the Board of
Pardons and Paroles is applying the wrong statutes
to him.

50. Super-Intensive Supervision Program ("SISP") is a
form of mandatory supervision.

51. Applicant has failed to prove that SISP is not
release to mandatory supervision.

52. In 1982, the Governor's Office was the office that
revoked a person's parole and release to mandatory
supervision. . . .

53. Because the Governor's Office was the office that

revoked [a] person's parole and release to mandatory supervision, no one was entitled to "street time" credits.

54. Section 508.283(c) of the Texas Government Code provides that certain individuals can be eligible for 'street time' credit if they are "a person other than a person described by 508.149(a)."

55. The applicable version of section 508.149(a) is the version in effect when the inmate's parole is revoked.

56. Because Applicant was revoked in 2006, the Board of Pardons and Parole[s] looks at section 508.149(a) of the Texas Government Code . . . *regardless* of Applicant's conviction date.

57. Because aggravated sexual assault, and by extension aggravated rape, is listed as an ineligible offense, Applicant is not entitled to street time credits.

58. Applicant has failed to prove that he is entitled to "street time" credits.

59. Applicant has failed to prove that the Board of Pardons and Parole[s] is applying the wrong law to him.

60. Applicant has failed to prove that he is entitled to flat time credit, good time credit, or street time credit for the time he was released to mandatory supervision.

. . .

(14State Habeas R., vol. 2, at 420, 425-26, 587; 15State Habeas R., vol. 2, at 423, 428-29, 595) (citations omitted) (emphasis in originals)

In turn, the Texas Court of Criminal Appeals denied the

state habeas applications without written order on the findings
of the trial court.   (14State Habeas R. at cover; 15State Habeas
R. at cover)   This presents an adjudication on the merits, which
is entitled to the appropriate deference.   Petitioner has failed
to rebut the state court's factual findings by clear and
convincing evidence or demonstrate the state courts' decision
violates any federal constitutionally protected right.

For purposes of due process, prior to 2001 Texas prisoners
had no liberty interest for street time because prior law
required automatic forfeiture of street time when parole was
revoked.   *Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir.
2001); *Ex parte Spann,* 132 S.W.3d 390, 393 (Tex. Crim. App.
2004).   However, in 2001 the Texas Legislature amended section
508.283(c) of the Texas Government Code to allow certain parole
violators to receive street-time credit.   Based upon this
amendment the Fifth Circuit stated that some Texas prisoners may
have a liberty interest in retaining street-time credit.   *Johnson
v. Quarterman,* 304 Fed. App'x 234, 236 (5th Cir. 2008).

Under the amended version of § 508.283(c) a parole violator
is entitled to street-time credit if he satisfies a two-prong
test.   Petitioner was convicted of aggravated rape, which the
state habeas court considered, by extension, to be an aggravated

17

sexual assault, and aggravated sexual assault is one of the offenses listed under § 508.149(a).  The Texas Court of Criminal Appeals adopted the trial court's findings when it denied petitioner's state habeas application.  Accordingly, petitioner does not qualify for relief under § 508.283(c), and he has no state or corresponding federal constitutional right to street-time credit.  *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997).  It is well established that, as a matter of federal due process, a Texas parole violator has no constitutional right to credit on his sentence for time spent on parole or mandatory supervision.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5th Cir. 1989); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir. 1972).

Further, petitioner's *ex post facto* argument is misplaced.  While it is true that petitioner's offenses occurred in 1982 and the statute governing his eligibility for credit was not effective until 2001, application of the 2001 law to petitioner was not a violation of the constitutional prohibition on *ex post facto* laws.  As applicable here, in order to violate the *ex post facto* prohibition, the application of the subsequent law must

retroactively increase petitioner's initial punishment.  *See*
*Lynce v. Mathis,* 519 U.S. 433, 441 (1997).  Texas law in effect
when petitioner committed his offense in 1982 did not allow
anyone credit for street time, to wit:

> When a person's parole, mandatory supervision, or
> conditional pardon is revoked, that person may be
> required to serve the portion remaining of the sentence
> on which he was released, *such portion remaining to be*
> *calculated without credit for the time from the date of*
> *his release to the date of revocation.*

*See* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 2, 1977 Tex.
Gen. Laws 925, 929 (formerly TEX. CODE CRIM. PROC. ANN. art. 42.18,
§ 22, currently TEX. GOV'T CODE ANN. § 508.283(b)-(c) (Vernon
2012)).

The 2001 statute, while excluding petitioner from
benefitting from its application, did not unlawfully increase
petitioner's sentences beyond the original terms imposed by the
trial court, even though his maximum sentence discharge date may
have been extended due to the forfeiture of his street time.  *See*
*Sanchez v. Cockrell*, No. 4:00-CV-1803-Y, 2001 WL 1297677, at *3
(N.D.Tex. Oct. 11, 2001); *Reynolds v. Johnson*, No. 4:00-CV-391-Y,
2001 WL 180165, at *3 (N.D.Tex. Feb. 20, 2001), *adopted*, 2001 WL
215945 (N.D.Tex. Mar. 2, 2001).  As a matter of Texas law, time
credits have no effect on the length of the sentence imposed.
Consequently, an inmate's punishment is not increased by the

forfeiture of time credits.  *See Morrison*, 106 F.3d at 129 n.1.

Nor has petitioner demonstrated that the state's refusal to award him credit for time spent on SISP or imposition of the conditions of SISP were impermissibly discriminatory—*i.e.*, that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.  *Village v. Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Petitioner has failed to prove that he has been denied any constitutionally protected right.  Absent a claim that he has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available.  *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as moot as to claims one and four, and denied as to claims two and three.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253[©], for

the reasons discussed herein, the court further ORDERS that a
certificate of appealability be, and is hereby, denied, as
petitioner has not made a substantial showing of the denial of a
constitutional right.

SIGNED July ____20____, 2012.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

21